**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DRAPER FRANK WOODYARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:26-cv-79-TFM-MU** |
| | ) | |
| **OFFICER DESIGNER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

On March 26, 2026, the Magistrate Judge entered a Report and Recommendation which recommends Plaintiff's complaint be dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915(A)(b)(1). *See* Doc. 7. On April 3, 2026, Plaintiff filed his objections. *See* Doc. 8. On May 20, 2026, Plaintiff filed a motion for leave to appeal *in forma pauperis*. *See* Doc. 9. The Report and Recommendation is ripe for review.

Having reviewed the objections, the Court finds them to be without merit. Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, this complaint be **DISMISSED with prejudice** before service on the defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915(A)(b)(1).

Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal

is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445 (1962), or "has no substantive merit."

*United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981) (per curiam);[1] *see*

*also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d

1032 (11th Cir. 1981).  Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "without arguable merit."  *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir.1976)).  "Arguable means capable of being convincingly argued."  *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127

(11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] §

1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably

meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good

faith and therefore, Petitioner is not entitled to proceed *in forma pauperis* on appeal.  As such, his

motion (Doc. 9) is **DENIED**.

Final Judgment shall issue separately in accordance with Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 10th day of July, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE